Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE GUAYNABO; AUTORIDAD DE ENERGÍA ELÉCTRICA; HÉCTOR ROSARIO HERNÁNDEZ; ALEJANDRO SILVA HUYKE<br><br>Recurrido | KLCE202500483 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2024CV03661 (906)<br><br>Sobre: Sentencia Declaratoria; Abitrios de Construción y otros |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de junio de 2025.

Comparece ante nos Cobra Adquisitions, LLC ("Cobra" o "Peticionaria") mediante *Petición de Certiorari* presentada el 2 de mayo de 2025. Nos solicita la revocación de la *Resolución* emitida el 10 de abril de 2025 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Por virtud de esta, el foro primario, al amparo de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. 69.5, le impuso una fianza de no residente a la Peticionaria por la cantidad de veinticinco mil dólares ($25,000.00). La justificación para determinar dicha cuantía obedeció a que el caso de epígrafe contiene múltiples reclamaciones las cuales totalizan un monto superior al millón de dólares.

Por los fundamentos que expondremos a continuación, **denegamos** el presente recurso.

Número Identificador

SEN(RES)2025_____

**I.**

Surge del expediente que, el 1 de mayo de 2024, Cobra presentó *Demanda Enmendada* sobre sentencia declaratoria, arbitrios de construcción, patentes y daños y perjuicios contra el Municipio de Naguabo ("Municipio"), la Autoridad de Energía Eléctrica ("AEE"), Municipal Finances Research Group, Inc., el señor Héctor Rosario Hernández ("señor Rosario Hernández") y el señor Alejandro Silva Huyke ("señor Silva Huyke").[1] Alegó que, el 19 de octubre de 2017, la AEE, entidad que en ese momento era la encargada de la transmisión y distribución de la energía eléctrica en Puerto Rico, y Cobra suscribieron un contrato de emergencia para la reconstrucción de la red eléctrica tras el paso de los huracanes Irma y María por la Isla. Adujo que dicho contrato se extendió hasta mayo de 2019.

Argumentó que, como parte del esfuerzo de recuperación del sistema eléctrico, la AEE le solicitó a la Peticionaria que trabajara en el área del Municipio. Asimismo, esbozó que, en noviembre de 2018, el Municipio le informó a Cobra que dicha entidad se encontraba sujeta al pago de arbitrios de construcción por dos millones cuatrocientos ochenta mil dólares ($2,480.000.00) y trecientos diez mil dólares ($310,100.00) en pago de patentes. Explicó que, en marzo de 2019, el Municipio le envió una factura final mediante la cual le notificó una deuda de tres millones trecientos setenta y seis mil ochocientos dólares ($3,376,800.00) en arbitrios de construcción y cuatrocientos veintidós mil cien dólares ($422,100.00) en patentes. La Peticionaria sostuvo que en ninguna de estas cuantías se identificó los fundamentos utilizados para determinar de donde procedían los montos imputados.

De igual manera, Cobra señaló que, en junio de 2021, el Municipio le remitió una tercera notificación, mediante la cual

---

[1] Véase, Apéndice del Recurso, págs. 1-13.

informó que ésta adeudaba cuatro millones ochocientos cuarenta mil dólares ($4,840,000.00) en arbitrios de construcción, además de otra notificación preliminar informándole una deuda por la cantidad de ciento cincuenta y dos mil doscientos cincuenta dólares ($152,250.00) por concepto de patentes. Ante este cuadro, indicó que solicitó reconsideración sobre ambas notificaciones y le expresó al Municipio que Cobra no estableció oficina ni lugar de negocios en el aludido Municipio pues únicamente se limitó a proveer servicios incidentales a la rehabilitación de la infraestructura energética de Puerto Rico. Agregó que en cuanto los arbitrios de construcción, las obras realizadas fueron a solicitud y en beneficio de la AEE.

De otra parte, surge de la *Demanda* que la Peticionaria afirmó que, en abril de 2024, el Municipio denegó la solicitud de reconsideración instada, y reclamó el pago de cuatro millones ochocientos cincuenta mil dólares ($4,850,000.00) en arbitrios de construcción y ciento noventa mil setecientos cincuenta dólares ($190,750.00) en patentes. Informó que cualquier comunicación referente a este asunto, se debía hacer al señor Rosario Hernández o al señor Silva Huyke. A base de los hechos previamente reseñados, Cobra solicitó al foro primario, entre otros remedios, que dictara sentencia declaratoria, en torno a que el Municipio carecía de autoridad legal para la imposición de arbitrios de construcción contra la Peticionaria por trabajos realizados en una obra exenta de pago tributario, entro otros remedios.

Por su parte, el 18 de junio de 2024, la AEE presentó *Contestación a la Demanda Enmendada.*[2] Mediante está, negó ciertas alegaciones y levantó las correspondientes defensas afirmativas. Asimismo, el 23 de julio de 204, el Municipio instó

---

[2] *Íd.*, págs. 37-42.

*Contestación a Demanda Enmendada y Reconvención.*[3] Por virtud de esta, negó algunas alegaciones contenidas en la demanda, levantó las defensas afirmativas y, a su vez, instó una reconvención en la cual solicitó el pago de cuatro millones ochocientos cuarenta mil dólares ($4,840,000.00) en arbitrios de construcción y ciento noventa mil setecientos cincuenta mil dólares ($190,750.00) en patentes, más los intereses, recargos y penalidades aplicables.

Ulteriormente, el foro primario dictó *Orden* el 10 de abril de 2025,[4] la cual notificó el 11 de abril de 2025 en la que dispuso lo siguiente:

> Habiendo advenido final la determinación de que el Juez que aquí suscribe no tiene impedimento para presidir y atender los procedimientos del presente caso, y **por así exigirlo la Regla 69.5 de Procedimiento Civil**, se impone una Fianza de No Residente a la parte demandante por la cantidad de **$25,000.00**; en consideración a los múltiples reclamos que dicha parte presenta en su Demanda - los cuales **exceden un millón de dólares**.
>
> En cumplimiento con las disposiciones de la referida Regla 69.5 de Procedimiento Civil, se ordena la suspensión de todos los procedimientos hasta tanto se presente evidencia de haberse prestado dicha fianza; y se apercibe que, transcurridos sesenta (60) días de notificada esta Orden sin que se haya prestado la fianza que aquí se impone, se desestimará el pleito sin necesidad de notificación adicional.[5]

Inconforme, el 2 de mayo de 2025, la Peticionaria instaron el recurso de epígrafe y formularon el siguiente señalamiento de error:

> Cometió grave error y abusó intencionalmente de su discreción el Tribunal de Primera Instancia al imponerle a la Peticionaria una fianza de no residnete exageradamente alta, cuando el magistrado que así lo hizo fue revocado por este ilustrado foro en idéntica controversia de derecho.

El 6 de mayo de 2025, esta Curia emitió *Resolución* en la cual concedió un término de diez (10) para mostrar causa por la

---

[3] *Íd.*, págs. 43-54.
[4] *Íd.*, págs. 55-57.
[5] *Íd.*, pág. 56.

cual no debemos expedir el auto de *certiorari* y revocar la determinación judicial impugnada. Oportunamente, el 19 de mayo de 2025, el Municipio compareció con mediante *Oposición a Expedición de Recurso de Certiorari.* Por su parte, el 5 de junio de 2025, el señor Rosario Hernández presentó *Solicitud de Desestimación por Falta de Jurisdicción* en la cual expuso que, en el presente recurso, la Peticionaria omitió notificar al señor Silva Huyke, quien es parte en este pleito. En respuesta, el 6 de junio de 2025, Cobra presentó *Oposición a Solicitud de Desestimación* y afirmó que, en efecto, notificó la presentación del recurso de epígrafe a uno de los abogados de récord que representa al señor Silva Huyke.

Con el beneficio de la comparecencia de estas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos

de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari. Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la

expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Fianza de no residente

La fianza es una garantía que bien a manera de obligación, depósito en dinero o derecho real, se establece para asegurar el cumplimiento de una obligación que surge del proceso. *Martajeva v. Ferre Morris,* 210 DPR 612, 622 (2022) citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 6.a ed., Puerto Rico, Ed. LexisNexis, 2017, pág. 196. En armonía con lo antes expuesto, una fianza se torna judicial cuando es impuesta por un juez "en cumplimiento de preceptos legales para el afianzamiento de una obligación en particular". *Íd.*, citando a J.A. Cuevas Segarra, *Las medidas cautelares y la ejecución de la sentencia,* 1.ra ed., Bosch Editor, 2020, pág. 199.

Cónsono con esta normativa, entre las fianzas que reconoce nuestro ordenamiento jurídico, existe la dispuesta por la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V R.69.5, la llamada fianza de no residente. La precitada regla, "preceptúa la fianza de una persona demandante quien no es residente de Puerto Rico" *Íd.* Ello, provee cierto grado de protección a quienes son demandados por las personas que no residen en Puerto Rico. *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 261 (2021). "Cuando un reclamante no reside en nuestra jurisdicción, el demandado podría enfrentar dificultades para recuperar los costos que conlleva el defenderse de una reclamación en su contra". *Íd.*

Igualmente, este tipo de fianza se impone para "garantizar las costas, los gastos y honorarios de abogado en pleitos en los que el reclamante es una persona natural no residente o una corporación extranjera". *Yero Vicente v. Nimay Auto Corp.*, 205 DPR 126, 130 (2020). Ello es así, pues "de otra forma, podría resultar

difícil para el demandado recobrar esas partidas fuera de nuestra jurisdicción territorial". *Íd.* Además "[e]sto guarda relación con otro propósito legítimo: desalentar pleitos frívolos e inmeritorios". *Íd.*

En lo pertinente, la mencionada Regla 69.5 de Procedimiento Civil, supra, exige:

> Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar las costas, gastos y honorarios de abogados a que pueda ser condenada. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil dólares ($1,000). El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional. Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.

Por otra parte, dicha norma dispone que no se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico en estas tres (3) circunstancias:

> (a) Se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;
>
> (b) se trate de un(a) copropietario(a) en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro(a) de los(las) copropietarios(as) también es reclamante y reside en Puerto Rico, o
>
> (c) se trate de un pleito instado por un(a) comunero(a) para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico. *Íd.*

### III.

En el presente recurso la Peticionaria solicita nuestra intervención para que revoquemos la *Orden* dictada el 10 de abril de 2025 y notificada al día siguiente por el foro primario. Por su parte, el señor Rosario Hernández presentó *Solicitud de Desestimación por Falta de Jurisdicción* por falta de notificación del recurso a una de las partes. Tras examinar, la solicitud de

desestimación y su oposición, declaramos la misma *No Ha Lugar*, ello, pues el señor Rosario Hernández no logró demostrar que careciéramos de jurisdicción para considerar el recurso.

Ahora bien, tras haber expuesto el marco jurídico y ponderados los argumentos presentados por la Peticionaria, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción no intervendremos en la determinación recurrida emitida por el foro primario como parte del manejo del caso ante su consideración. En el presente caso, el foro primario emitió una determinación discrecional y en ausencia de abuso de discreción, este foro no debe intervenir con las determinaciones del foro primario.

En armonía con lo anterior, los Peticionarios no han demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos, procede que se deniegue el recurso de *certiorari* de epígrafe. Por lo cual, no intervendremos con la determinación discrecional del foro primario por tratarse de un asunto de manejo del caso, por lo cual no cumple con lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Nuestra determinación de no intervenir en los méritos de la decisión recurrida en estos momentos no constituye una adjudicación de la controversia existente entre las partes ni prejuzga el asunto planteado por estas.

**IV.**

Por los fundamentos anteriormente expuestos, **denegamos** el recurso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones